**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | NO. 2:10-cr-16-JRG-RSP |
| CEDRIC EARL OLIVER | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion to Suppress evidence obtained from the Warrant issued and executed on May 1, 2009.

**I.      Background**

While investigating Dabranton Pope ("Pope") on April 30, 2009, Panola County, Texas Sheriff's Department Investigator Chris Welk ("Welk") learned of certain criminal allegations made by Pope against Cedric Earl Oliver ("Oliver") regarding Oliver's involvement in the manufacture and distribution of cocaine and crack cocaine. Welk subsequently sought the assistance of DPS Sergeant and Narcotics Investigator Allen Clark ("Clark"). After an investigation of Oliver, Clark sought a warrant to search a mobile home near Karnack, Harrison County, Texas because Clark believed and had reason to believe that Oliver was engaged in activities related to the allegations raised by Pope.

On May 1, 2009, Clark prepared and executed an Affidavit to support the request for a search warrant. This Affidavit included a physical description of the place to be searched, clear directions to the location of the place to be searched, the items to be seized, and an expression of Clark's probable cause to conduct the search. The Affidavit and resulting Warrant do contain a typographical error relating to the precise Harrison County private road number on which the

home to be searched is located.  The Affidavit and Warrant describe a single-wide mobile home located just past a white-framed residence and such mobile home is therein identified as the suspected residence to be searched.  The mobile home is further described as located on the right of the dirt driveway with an "aftermarket addition" attached thereto.

During the execution of the Warrant, officers searched a single structure comprised of two combined mobile homes situated behind the white-frame residence, which were additionally joined by a room constructed such that each mobile home served as one of the four walls of this added room thereby creating a functional joinder of the two mobile homes, enabling any occupant to travel throughout the resulting combined structure.  Though combined in fact as a single composite structure, one mobile home has an address of 176 PR 2623 and the other has an address of 180 PR 2623.  These addresses relate to Harrison County Private Road number 2623 and such addresses are shown by means of stencil-painted notations of "176" and "180," respectively on the outer corners of the combined mobile home.

No evidence of the allegations against Oliver was found in the portion of the combined structure marked "176," but evidence of the alleged crimes was found located throughout the portion of the combined structure marked as "180."  In the "180" portion, officers found crack cocaine, powder cocaine, razor blades, a digital scale, boxes of baking soda, a 9 mm pistol with a loaded magazine, and cash, among other things.

Defendant was indicted on August 4, 2010 and charged with conspiracy to manufacture and distribute crack cocaine, and possession of a firearm in furtherance of a drug trafficking crime.  (Dkt. No. 1.)  On November 2, 2011, a Second Superseding Indictment was returned charging Defendant with conspiracy to manufacture and distribute crack cocaine, possession with intent to distribute crack cocaine, possession of a firearm in furtherance of a drug trafficking

crime, felon in possession of a firearm, and possession with intent to distribute cocaine. (Dkt. No. 226.)

On December 22, 2011, Defendant filed this Motion to Suppress the evidence discovered during the search of the structure. On February 29, 2012, the Court held a hearing to accept evidence and hear oral argument on such Motion.

## II.    Arguments

Defendant contends that the Warrant issued in this case is overly broad and fails to particularly describe the place to be searched. Specifically, the Defendant argues that the Warrant does not differentiate between the two mobile homes at the location in the Warrant. The Defendant also attacks the Warrant as to the typographical misstatement of the applicable county private road number contained in the Warrant and supporting Affidavit of Clark.

The Government initially argues that the Defendant does not have standing to challenge the search because he does not reside at this location but, in fact, resides in Longview, Texas and consequently had no expectation of privacy in the combined mobile homes in question. They are asserted to be the residences of Oliver's mother and sister but not of his. Further, the Government contends that either Oliver was not present in the home of his mother and sister and had no expectation of privacy, or if Oliver had any expectation of privacy in the combined mobile homes, he abandoned that expectation if and when he fled the premises just before the search began. Next, the Government argues that the Warrant adequately meets the particularity requirement of the Fourth Amendment because it sufficiently describes the place to be searched. Further, the Government contends that if the Warrant is deemed deficient, the officers who executed it relied upon the Warrant in good faith when executing the same, and the evidence discovered is admissible under the good faith exception to the exclusionary rule.

## III.     Legal Standard

The Fourth Amendment guarantees the following:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

The capacity to claim it depends upon whether the person who claims the protection of the Amendment has a "legitimate expectation of privacy" in the invaded place. *Rakas v. Illinois,* 439 U.S. 128 (1978). The expectation of privacy must have a basis outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society. *Minnesota v. Carter,* 525 U.S. 83 (1998). While the Amendment suggests that its protections extend only to people in "their" houses, the United States Supreme Court has held that in some circumstances, a person may have a legitimate expectation of privacy in the house of someone else. *See Minnesota v. Olson,* 495 U.S. 91 (1990). However, one who is merely present in a home with the consent of the householder may not claim the protection of the Fourth Amendment, as he has no legitimate expectation of privacy. *See Jones v. United States,* 362 U.S. 257 (1960). In *Jones*, a defendant given permission by the homeowner to use the owner's home, wherein the defendant kept clothing and slept there only sporadically was not afforded protection under the Fourth Amendment. *See id.* Further, in *Carter*, the Court held that defendants in another's home for a short amount of time, solely for the purpose of packaging cocaine for a drug deal, had no legitimate expectation of privacy in the residence. *See Carter,* 525 U.S. 83.

The Fourth Amendment also requires a warrant to "particularly describ[e] the place to be

searched, and the persons or things to be seized." U.S. Const. amend. IV. The Fourth Amendment's particularity requirement demands that the place to be searched and the items to be seized be described with sufficient particularity so as to leave "nothing ... to the discretion of the officer executing the warrant." *Marron v. United States,* 275 U.S. 192, 196 (1927); *Williams v. Kunze,* 806 F. 2d 594, 598 (5th Cir.1986).

Additionally, this Court is aware that there exists a good-faith exception to the exclusionary rule, under which, if the evidence to be suppressed was obtained by law enforcement officers who relied on the warrant in objectively reasonable good-faith, then the evidence obtained during the search is admissible. *United States v. Davis,* 226 F. 3d 346, 351 (5th Cir. 2000) (citing *United States v. Shugart,* 117 F. 3d 838, 843 (5th Cir. 1997)).

## IV. Analysis

The Court will initially address whether Oliver has standing to complain of the search, and second whether the Warrant in question adequately describes the place to be searched.

### a. Standing

As a threshold matter, the Government contends that Defendant lacks standing to challenge the search of his mother and sister's residence (the "PR 2623 residence"). The Government argues that Oliver did not reside at the PR 2623 residence at the time of the search, and in fact, resided in Longview, Gregg County, Texas with his wife. During the suppression hearing, evidence was presented that, within 30 days of the search, Oliver changed his Texas driver's license address to reflect his residence as being in Longview, Texas. Further, Oliver's sister, Tarsha Oliver, testified that at the time in question, Oliver may have slept at the residence two or three times a week, but that his permanent residence was in Longview, Texas with his wife.

The Court finds that Oliver has no expectation of privacy in the PR 2623 residence. The evidence shows that, at the time of the search, the residence was owned by his mother and sister, but not by him. Oliver lived in a home with his wife in Longview, Texas. Further, Oliver, at most, only sporadically slept at the residence. Additionally, there is no evidence before the Court that on May 1, 2009, when officers executed the search, Oliver was present in the home when the search was conducted. The Government alleges that Oliver was there and fled immediately before the search began. Thus, if Oliver was not present in the home during the search, Oliver cannot claim an expectation of privacy. Further, if as the Government contends, Oliver was present in his mother and sister's home at the time of the search but fled immediately before the search began, then he abandoned any expectation of privacy he had in the home upon fleeing the premises.

### b. Particularity of Warrant

The Defendant argues that the Warrant in question lacks particularity because it is overly broad and fails to specify the place to be searched. In response, the Government argues that the Warrant adequately describes the place to be searched; however, should the Court find that the Warrant lacks particularity, that officers acted in good faith reliance on the Warrant.

Initially, the Court finds that the Warrant adequately describes the placed to be searched. The residence is located in a rural area of Harrison County, and the description provided in the Warrant adequately describes a physical description of the property with directions from a well-known highway to locate it. Further, regardless of any lack of particularity and considering typographical errors in the Warrant, the Court finds that the officers relied on the Warrant in good faith, believing the Warrant was properly issued and adequately described the place to be searched.

Highly contested before the Court is the issue of whether the structure searched constitutes one residence or separate and distinct residences, one of which might have been improperly searched by officers. The Court finds that the structure was clearly one single residence. Evidence supporting a finding of one residence includes one electric bill mailed to the combined residence, with payment shared by Oliver's mother and sister; one common laundry room, used by both Oliver's mother and sister; and most importantly, the demonstrative evidence offered during the suppression hearing containing multiple photographs and illustrations of the structure from both the interior and exterior. Photographs admitted into evidence during the hearing indicate the mobile homes physically abutted each other in a "T" shape with an added adjoining room further connecting the two trailers. This adjoining room was treated by Oliver's mother and sister as much more than a mere "covered porch," as Defendant attempts to classify it. The adjoining room was carpeted, contained window treatments, and held a number of household items, including children's toys and appliances. Additionally, the leader for the entry team that conducted the search, Officer Harrison, testified that the team entered through the structure through the "176" trailer and proceeded throughout the structure as though the team was searching one continuous and single residence. Further, Harrison testified that the door from the "176" portion of the residence onto the adjoining room was open, and the door from the adjoining room into the "180" portion of the residence was unlocked. Based upon the evidence presented during the suppression hearing, the court finds that the PR 2623 residence is indeed one residence, and that officers conducting the search believed in good faith the structure was one residence. The Warrant contains adequate particularity to comply with the Fourth Amendment.

### V. Conclusion

The Court finds Oliver has no standing to challenge the search in question; however, even if, *arguendo*, the Court assumes that Oliver has standing, the Warrant in question meets the particularity requirements of the Fourth Amendment. Further, even if, *arguendo*, the Warrant were not adequately particular, the officers executing this Warrant acted in good faith reliance upon the Warrant during their search. Accordingly and for the reasons set forth above, the Court DENIES Defendant's Motion to Suppress.

**So ORDERED and SIGNED this 1st day of March, 2012.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE